UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>OLAYINKA TEMITOPE OYEBOLA and OLAYINKA OYEBOLA & CO. (CHARTERED ACCOUNTANTS),<br><br>Defendants. | Case No.: 1:24-cv-07363-AT<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendants Olayinka Temitope Oyebola ("Oyebola") and Olayinka Oyebola & Co. (the "Firm"), (jointly, the "Defendants"), by and through their undersigned counsel of record, as and for their Answer to Plaintiff's Complaint ("the Complaint"), respond as follows (the "Answer"). Defendants' investigation is preliminary and ongoing; Defendants reserve their right to amend or supplement their Answer.

**PRELIMINARY STATEMENT**

Except as otherwise expressly admitted in this Answer, Defendants deny each and every allegation in the Complaint. Defendants state that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is deemed required, Defendants deny the allegations in the headings and sub-headings throughout the Complaint. To the extent Defendants use terms in this Answer that are defined in the Complaint, such use is not an acknowledgement or admission of any characterization Plaintiff may ascribe to such term(s). Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief set forth in the Complaint.

## **SUMMARY**

1. Defendants admit that the Securities and Exchange Commission ("SEC" or "Plaintiff") is bringing this action against Defendants, and the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 2 and therefore deny same.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants admit that they were contracted to serve as auditor to Tingo Mobile, but deny that they served as auditor to Tingo International. Defendants admit they discovered that Mmobuosi and other Tingo Mobile officials had forged Oyebola's signature on audit reports Defendants never performed. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny that Oyebola "intentionally misled" Tingo Group's auditor. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 7 and therefore deny same.

8. Defendants admit that they were provided bank records and instructed by Mmobuosi to send them to a different auditor. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny that Oyebola "knowing[ly] misrepresent[ed]" the bank records. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 9 and therefore deny same.

## VIOLATIONS

10. Paragraph 10 of the Complaint contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Defendants acknowledge that the SEC's Complaint requests the relief alleged in Paragraph 13, but Defendants deny the SEC is entitled to such relief as to either Defendant.

## JURISDICTION AND VENUE

14. Paragraph 13 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Defendants deny that Oyebola transacts business in the Southern District of New York. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16.

## DEFENDANTS

17. Defendants deny the allegations in the last two sentences of Paragraph 17. Defendants admit the remaining allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

**OTHER RELEVANT INDIVIDUALS AND ENTITIES**

19. Defendants admit that Tingo Mobile is a Nigerian corporation that purports to lease mobile phones. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 19 and therefore deny same.

20. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 20 and therefore deny same.

21. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 21 and therefore deny same.

22. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 22 and therefore deny same.

23. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 and therefore deny same.

**FACTS**

**I.   DEFENDANTS CERTIFY TINGO MOBILE'S FRAUDULENT FINANCIAL STATEMENTS.**

**A.   Mmobuosi Falsifies Tingo Mobile's Financial Statements.**

24. Defendants admit that Tingo Mobile was in the business of leasing mobile phones. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 24 and therefore deny same.

25. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 and therefore deny same.

26. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 and therefore deny same.

27. Defendants admit that Mmobuosi made misrepresentations about Tingo Mobile's business, which Defendants did not know were false at the time. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 27 and therefore deny same.

**B.   Defendants Certify Tingo Mobile's Fraudulent Financial Statements Despite Numerous Identified and Unaddressed Weaknesses in Tingo Mobile's Internal Controls.**

28. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 28 and therefore deny same.

29. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 29 and therefore deny same.

30. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 30 and therefore deny same.

31. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 31 and therefore deny same.

32. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 32 and therefore deny same.

33. Defendants admit that the Firm issued audit opinions, which speak for themselves. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. Defendants deny knowing that Tingo Mobile's financial statements contained misrepresentations. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 34 and therefore deny same.

35. Defendants lack knowledge or information sufficient to either to admit or deny the remaining allegations in Paragraph 35 and therefore deny same.

36.     Defendants deny knowing that the financial statements contained misrepresentations. Defendants lack knowledge or information sufficient to either to admit or deny the remaining allegations in Paragraph 36 and therefore deny same.

## II. DEFENDANTS CONCEAL AND ACQUIESCE TO MMOBUOSI'S CREATION AND USE OF FALSIFIED AUDIT REPORTS.

### A. Defendants Are Engaged to Audit Tingo International and Discover Management's Use of Fraudulent Audit Reports.

37.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 37 and therefore deny same.

38.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 38 and therefore deny same.

39.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 39 and therefore deny same.

40.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 40 and therefore deny same.

41.     Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 41 and therefore deny same.

42.     Defendants deny lending any assistance to Mmobuosi or Tingo Mobile's CFO to "conceal the fraudulent nature of Tingo Mobile's business." Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 42 and therefore deny same.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants admit the allegations in the first sentence of Paragraph 44. Defendants deny the remaining allegations in Paragraph 44.

6

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 48 and therefore deny same.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 50 and therefore deny same.

51. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 51 and therefore deny same.

52. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 52 and therefore deny same.

53. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53 and therefore deny same.

54. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 54 and therefore deny same.

55. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55 and therefore deny same.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants admit that they performed audit work for Tingo Mobile. Defendants deny the remaining allegations in Paragraph 57.

58. Paragraph 58 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Paragraph 62 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Paragraph 63 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Defendants admit the allegations in Paragraph 64.

65. Defendants admit the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

**B.     Defendants Conceal the Forgeries from Tingo International Management.**

68. Defendants admit that Tingo International engaged Defendants to conduct an audit. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 69 and therefore deny same.

70. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 70 and therefore deny same.

71. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 71 and therefore deny same.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 74 and therefore deny same.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants admit the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 77 and therefore deny same.

**C.  Defendants Continue to Issue Clean Audit Reports for Tingo Mobile After Mmobuosi Takes Tingo Public.**

78. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 78 and therefore deny same.

79. Defendants deny that they "blessed" or "helped conceal" "materially misstated financial statements." Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 79 and therefore deny same.

80. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 80 and therefore deny same.

81. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 81 and therefore deny same.

82. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 82 and therefore deny same.

83. Defendants deny the allegations in Paragraph 83.

### D. Defendants Acquiesce to Mmobuosi's Continued Use of Falsified Audit Reports.

84. Defendants lack knowledge or information sufficient to either admit or deny allegations in Paragraph 84 and therefore deny same.

85. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 85 and therefore deny same.

86. Defendants admit the allegations in Paragraph 86.

87. Paragraph 87 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Defendants lack sufficient knowledge or information sufficient to either admit or deny allegations in Paragraph 88 and therefore deny same.

89. Defendants admit the allegations in Paragraph 89.

90. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 90 and therefore deny same.

91. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 91 and therefore deny same

92. Defendants admit the allegations in Paragraph 92.

93. Defendants' "duties as independent public accountants (as described in paragraphs 58 to 63 above)" are legal conclusions for which no response is required, and to the extent a response is required, Defendants deny same. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants admit that they performed work for Tingo Mobile and Tingo Group. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 95 and therefore deny same.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 98 and therefore deny same.

99. Defendants deny predicting the future misconduct of Mmobuosi. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 99 and its subsections (a) through (e) and therefore deny same.

100. Defendants lack knowledge or information sufficient to either admit or deny the allegations in the first sentence in Paragraph 100 and therefore deny same. The remaining allegations in Paragraph 100 contain legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 100.

101. Defendants admit the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 105 and therefore deny same.

IV. **OYEBOLA INTENTIONALLY LIES TO TINGO GROUP'S AUDITOR TO PERPETUATE THE TINGO FRAUD.**

106. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 106 and therefore deny same.

107. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 107 and therefore deny same.

108. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 108 and therefore deny same.

109. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 109 and therefore deny same.

110. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 110 and therefore deny same.

111. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 111 and therefore deny same.

112. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 112 and therefore deny same.

113. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 113 and therefore deny same.

114. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 114 and therefore deny same.

115. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 115 and therefore deny same.

116. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 116 and therefore deny same.

117. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 117 and therefore deny same.

118. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 118 and therefore deny same.

119. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 119 and therefore deny same.

120. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 120 and therefore deny same

121. Defendants deny knowing the records were forged or reflected fictitious transactions. Defendants lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 123 and therefore deny same.

124. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 124 and therefore deny same.

125. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 125 and therefore deny same.

126. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 126 and therefore deny same.

127. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 127 and therefore deny same.

128. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 128 and therefore deny same.

129. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 129 and therefore deny same.

130. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 130 and therefore deny same.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny that Oyebola made any misrepresentation. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 135 and therefore deny same.

136. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 136 and therefore deny same.

137. Defendants deny that Oyebola made any misrepresentation. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 137 and therefore deny same.

138. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 138 and therefore deny same.

139. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 139 and therefore deny same.

## V.   THE COMMISSION FILES THE TINGO ENFORCEMENT ACTION.

140. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 140 and therefore deny same.

141. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 141 and therefore deny same.

142. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 142 and therefore deny same.

143. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 143 and therefore deny same.

144. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 144 and therefore deny same.

### FIRST CLAIM FOR RELIEF
### Aiding and Abetting Violations of Securities Act Section 17(a)
### (Both Defendants)

145. Defendants admit that the SEC purports to re-allege and incorporate by reference the preceding paragraphs. Defendants incorporate by reference their responses to each such paragraph as though fully set forth herein.

146. Paragraph 146 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147. Paragraph 147 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148. Paragraph 148 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149. Paragraph 149 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

### SECOND CLAIM FOR RELIEF
### Aiding and Abetting Violations of Exchange Act Section 10(b) and Rule 10b-5
### (Both Defendants)

150. Defendants admit that the SEC purports to re-allege and incorporate by reference the preceding paragraphs. Defendants incorporate by reference their responses to each such paragraph as though fully set forth herein.

151. Paragraph 151 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152. Paragraph 152 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153. Paragraph 153 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154. Paragraph 154 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

### THIRD CLAIM FOR RELIEF
### Aiding and Abetting Violations of Exchange Act Rule 13b2-2(a)
### (Oyebola)

155. Defendants admit that the SEC purports to re-allege and incorporate by reference the preceding paragraphs. The Defendants incorporate by reference their responses to each such paragraph as though fully set forth herein.

156. Paragraph 156 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157. Paragraph 157 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158. Paragraph 158 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159. Paragraph 159 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

### FOURTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Exchange Act Rule 13b2-2(b)
### (Oyebola)

160. Defendants admit that the SEC purports to re-allege and incorporate by reference the preceding paragraphs. The Defendants reincorporate by reference their responses to each such paragraph as though fully set forth herein.

161. Paragraph 161 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162. Paragraph 162 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163. Paragraph 163 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164. Paragraph 164 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

## PRAYER FOR RELIEF

Defendants acknowledge that Plaintiff requests the referenced relief. Defendants deny Plaintiff is entitled to such relief as to either Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary or indispensable parties, namely: Tingo Mobile; Tingo International; and Mmobuosi (the "Tingo Parties").

### FOURTH AFFIRMATIVE DEFENSE

Defendants' alleged conduct is not the cause of the alleged harm for which Plaintiff seeks relief. Said harm was caused entirely by the Tingo Parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

At no point did Defendants have the requisite intent to deceive or defraud. Defendants never knowingly participated in or contributed to the fraudulent scheme conceived and executed by the Tingo Parties.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants complied with the applicable audit rules and standards.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' engagement by the Tingo Parties to perform work for the Tingo Parties was fraudulently induced by Mmobuosi.

## NINTH AFFIRMATIVE DEFENSE

The harm alleged by Plaintiff was not foreseeable to Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give adequate or fair notice to Defendants that their conduct allegedly violated federal law. Defendants provided testimony to Plaintiff as part of Plaintiff's investigation against the Tingo Parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants took affirmative steps to disclose and report what Defendants understood to be wrongful conduct by the Tingo Parties.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants were threatened by Mmobuosi and the Tingo Parties' leadership and feared for their lives when Defendants expressed concern about the Tingo Parties' wrongful conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all times relevant to this action, Defendants acted in reasonable reliance upon representations made by the Tingo Parties and other individuals associated with the Tingo Parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the lack of provable injury or harm to Plaintiff or any other person or entity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any work performed by Defendants for any of the Tingo Parties was performed under duress.

Defendants expressly reserve the right to assert additional affirmative defenses that may become known over the course of discovery in this action.

Dated: New York, New York
December 6, 2024

**LUCOSKY BROOKMAN LLP**

*/s/ Anne Melton*
Anne Melton
111 Broadway, Suite 807
New York, NY 10006
(732) 395-4409
amelton@lucbro.com

*/s/ Evan Gotlob*
Evan Gotlob (admission forthcoming)
101 Wood Avenue South
Woodbridge, NJ 08830
(732) 395-4520
egotlob@lucbro.com

***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing was electronically filed this 6th day of December, 2024, and served to all counsel of record via email through the Court's electronic filing system.

Dated: December 6, 2024            /s/ *Anne Melton*
                                                         Anne Melton