USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/29/2025__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

          **Plaintiff,**

-v-

**OLAYINKA TEMITOPE OYEBOLA AND OLAYINKA OYEBOLA & CO. (CHARTERED ACCOUNTANTS),**

          **Defendants.**

No. 1:24-cv-07363-AT

---

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Securities and Exchange Commission (the "Commission"), and Defendants Olayinka Temitope Oyebola and Olayinka Oyebola & Co. (Chartered Accountants) (collectively, the "Defendants"), are parties (the "Parties" and each a "Party") to this action (the "Action") and have agreed to abide by the terms of this proposed Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Any Party or their counsel may designate any document or information, in whole or in part, as confidential if the Party or counsel determines, in good faith, that such designation is necessary to protect the interests of the Party in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

    2.    Deposition testimony shall be deemed CONFIDENTIAL only if designated as such by (i) a statement on the record, by counsel, at the time of such disclosure or before the conclusion

of the deposition or testimony; or (ii) written notice, sent by counsel to all Parties within thirty (30) days of the receipt of the final transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

3. Without the need for designation as provided in Paragraph 1, above, any document or information exchanged in connection with the pre-trial phase of this action shall be deemed CONFIDENTIAL to the extent that any portion thereof contains, with respect to third parties, any personal identifying information ("PII"), including an individual's social security number, tax identification number or tax return, home address or home telephone number, date of birth, medical information, financial account number, brokerage account number, or passwords.

4. Deposition transcripts and documents and information exchanged by the Parties in connection with the pre-trial phase of this action that are designated as or deemed CONFIDENTIAL, shall be referred to herein as "Confidential Information."

5. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.

6. The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any Party obtained or obtains independently of documents produced in this Action and designated CONFIDENTIAL.

7. The designation of CONFIDENTIAL shall not be applied to, and the restrictions and obligations set forth in this Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or

enters the public domain other than as a result of disclosure by a receiving Party, its employees or agents in violation of this Order; (iii) has come or shall come into a receiving Party's legitimate possession independently of the Party of person seeking to designate information or documents as CONFIDENTIAL in this action; or (iv) has come into a receiving Party's legitimate possession prior to entry of this Order.

8. In the event a Party challenges another Party's designation of confidentiality, the Parties or their counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

9. The Parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only." All other documents designated as or deemed CONFIDENTIAL shall not be disclosed to any person, except as permitted by paragraph 11 and those set forth in subparagraphs (a) through (h) below:

   a. The requesting Party or their counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Witnesses (and their counsel) who a Party or their counsel in good faith believes may be called to testify at trial or deposition in this action, provided however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;
   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by a Party or their counsel;

  e. Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the Parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

  f. Court reporters and recorders engaged for depositions or testimony;

  g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

  h. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

10. Prior to disclosing or displaying the Confidential Information to any person solely pursuant to subparagraph 9(d), counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

11. This Order shall not limit Plaintiff Securities and Exchange Commission ("Commission") from using or disclosing any materials, including Confidential Information, in a manner consistent with the Commission's duties and authorities pursuant to any applicable laws and regulations, including as delineated in the Commission's Form 1662 (available here: https://www.sec.gov/files/sec1662.pdf) ("Form 1662");

12. The disclosure of a document or information without designating it as CONFIDENTIAL shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

13. Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals listed in paragraph 9 above in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15.     Notwithstanding the designation of information as CONFIDENTIAL in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

16.     This Order shall not be construed to affect in any way the admissibility or use of any document, testimony or other information at trial or a pre-trial hearing.

17.     Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

18.     Any person subject to this Stipulation and Order who receives a subpoena or other request for the production or disclosure of any Confidential Information shall promptly give written notice to the disclosing Party and enclose a copy of the subpoena or request. The person subject to the subpoena or other request also shall make all reasonable good faith efforts to provide the disclosing Party a reasonable period of time in which to seek to quash the subpoena, or move for protection of the Confidential Information, before the person to whom the subpoena request is directed takes action to comply with it.

19.     Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

20.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and the Commission shall retain any documents or information in its possession in accordance with its governmental record-keeping obligations or to carry out any permitted uses under Commission Form 1662.

SO ORDERED.

Dated: January 29, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge