```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

              -v-

OLAYINKA TEMITOPE OYEBOLA AND
OLAYINKA OYEBOLA & CO. (CHARTERED
ACCOUNTANTS),

                      Defendants.

No. 1:24-cv-07363-AT-GWG

---

**FINAL JUDGMENT AS TO DEFENDANT OLAYINKA TEMITOPE OYEBOLA**

The Securities and Exchange Commission having filed a Complaint and Defendant Olayinka Temitope Oyebola having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

    IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rules 13b2-2(a) and 13b2-2(b) [17 C.F.R. § 240.13b2-2] by directly or indirectly:

    (a) making or causing to be made materially false or misleading statements; and/or omitting to state or causing another person to omit to state, material facts necessary in order to make statements made, in light of the circumstances under which such

statements were made, not misleading, to an accountant in connection with audits, reviews or examinations of financial statements any "issuer" (as defined by Exchange Act Section 3(a)(8) [15 U.S.C. § 78c(3)(a)(8)] or in the preparation or filing of any document or report required to be filed with the Commission; or

(b) taking action, or directing another to take an action, to coerce, manipulate, mislead, or fraudulently influence an independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements that are required to be filed with the Commission while he knows or should know that such action(s), if successful, could result in rendering that issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Mmobuosi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to Securities Act Seection 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. §78u(d)(3)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Olayinka Temitope Oeyebola as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Court shall retain jurisdiction to enforce the Final Judgment for one year from the date of this order.

SO ORDERED.

Dated: August 11, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge